CJ-19-5796
Stallings

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 14 2019

RICK WARREN
COURT CLERK

38_____

| | |
|---|---|
| MELANIE McGEE,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF OKLAHOMA *ex rel*<br>BOARD OF REGENTS OF<br>THE UNIVERSITY OF<br>OKLAHOMA,<br><br>  Defendant. | Case No. CJ-2019-5796 |

## PETITION

COMES NOW THE PLAINTIFF, and for her cause of action herein alleges and states as follows:

1. Plaintiff is Melanie McGee, an adult resident of Cleveland County, Oklahoma.

2. Defendant is the State of Oklahoma *ex rel* the Board of Regents of the University of Oklahoma, a state entity operating in Oklahoma County, Oklahoma.

## CLAIMS AND VENUE

3. Plaintiff's causes of action are for gender discrimination in violation of Title VII of the Civil Rights Act and the Equal Pay Act and Oklahoma's Protection of Labor Act, including a failure to promote and disparate pay. Plaintiff further alleges she was retaliated against for her use of medical

1

UNIVERSITY'S EXHIBIT 1

leave protected by the Family Medical Leave Act, as well as violations under Oklahoma's *Burk* tort doctrine for violations of Defendant's nepotism policy. Lastly, Defendant failed to properly compensate Plaintiff in that it did not reimburse Plaintiff for a pending travel claim.

4. All of the acts described herein occurred in Oklahoma County and venue is proper in this Court.

## STATEMENT OF FACTS

5. As a governmental subdivision, Defendant is a covered employer under the FMLA, the FLSA, and Title VII.

6. Plaintiff was employed for Defendant for more than one year and worked in excess of 1,250 hours during the year preceding her claim. As a result, Plaintiff was a covered employee under the FMLA.

7. Plaintiff was an employee of Defendant at the OU Health Sciences Center from approximately October 2012 until her termination on or around April 18, 2019. At the time of her termination, Plaintiff was the OU Physicians Project Manager II.

8. Beginning approximately May 2016, Plaintiff's supervisor, Claudette Greenway, attempted to promote Plaintiff to Senior Project Manager.

9. Greenway repeatedly requested a promotion for Plaintiff.

10. However, the posted position always included an experience requirement

UNIVERSITY'S EXHIBIT 1

of seven (7) years of health care experience which Plaintiff would not have met.

11. Around May 2018, Plaintiff notified Respondents that she was pregnant.

12. Months later, while Plaintiff was out on leave to have her baby, working on an issue with her boss, he stereotyped that, "You know what happens when you get a lot of cackling women working together."

13. On or around July 5, 2018, the position of Senior Project Manager was finally posted for applications. This posting required only five (5) years of project management experience and no health experience.

14. Plaintiff met the experience requirements for the Senior Project Manager position hat was posted in July 2018.

15. The Senior Project Manager position posted in July 2018 included the job duties Plaintiff had been performing for approximately two (2) years.

16. Plaintiff applied for the Senior Project Manager position on or around July 7, 2018.

17. In August 2018, Plaintiff received notice from Defendant that she had not been selected for the job – the same job she had been performing for around 2 years.

18. Instead, Defendant hired a male, Michael Thompson, for the position.

19. At the time of his hire, Thompson had no health care experience, and

UNIVERSITY'S EXHIBIT 1

was less qualified than Plaintiff for the position.

20. Mr. Thompson was the son in law of OU Physician's President, and his hiring into this position violated Defendant's policy against nepotism.

21. Further, Plaintiff's gender was a motivating factor in Defendant's failure to promote her to the position of Senior Project Manager.

22. Defendant hired Thompson at a rate of pay of $84,000 per year.

23. Such rate of pay constituted a raise in violation of company policy for Thompson.

24. Further, the rate of pay at $84,000 annually was in excess of $20,000 more annually than Plaintiff was paid for doing the same job.

25. Around September 2018, Ms. Greenway, Plaintiff's supervisor, left employment with Defendant.

26. Shortly after that time, Plaintiff was verbally offered the position of director, including a raise for the added responsibilities.

27. Plaintiff began serving in the role of interim director in September 2018.

28. The raise was never been applied for Plaintiff, although the males in her department were given raises during the same time period. One male employee received retroactive pay at higher rates for work that Plaintiff, a female, performed.

29. Beginning in October 2018, and through January 2019, Plaintiff made

**UNIVERSITY'S EXHIBIT 1**

complaints to Defendant about the disparity in pay between herself and the male employees, as well as for not being given her promised raise as interim director.

30. Plaintiff's complaint additionally included the nepotism issue, however no remedial actions were taken.

31. Defendant reviewed the issues with both compliance and human resources; however no remedial actions were ever taken.

32. Ultimately, Plaintiff was forced to resign her job (i.e. was constructively discharged) due to the gender-based disparate pay and opportunities perpetrated by Defendant, and its failure to address Plaintiff's complaints and remediate the discrimination.

33. Plaintiff's last day was on or around April 18, 2019.

34. Around April 3-6, 2019, Plaintiff traveled to Sioux Falls, South Dakota, for a work-related conference.

35. Plaintiff spent her own money to take this trip and did not receive per diem or mileage from Defendant.

36. After the trip, Plaintiff submitted her reimbursement from Defendant per Defendant's policies, but to date has never received reimbursement for this trip.

37. As a direct result of the Defendant's conduct the Plaintiff has suffered,

UNIVERSITY'S EXHIBIT 1

and continues to suffer, wage and benefit loss (including back, present and front pay) and emotional distress/dignitary harm damages.

38. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around February 14, 2019 and amending such charge on or around May 14, 2019. The EEOC issued Plaintiff's right to sue letter on July 31, 2019, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

39. Plaintiff provided Defendant a notice under the Oklahoma Governmental Tort Claims Act on or around May 16, 2019. Defendant's investigatory period lapsed on or around August 14, 2019, and such claim was deemed denied. This petition is timely filed within 180 days of such denial.

## COUNT I – GENDER DISCRIMINATION

Plaintiff incorporates the paragraphs above and further pleads as follows:

40. Discrimination due to Plaintiff's gender and the failure to promote Plaintiff because of her gender are prohibited by Title VII of the Civil Rights Act.

41. Under Title VII, Plaintiff is entitled to compensation for all lost wages

UNIVERSITY'S EXHIBIT 1

and benefits arising from the failure to promote her, as well as her constructive discharge.

42. Under Title VII, the Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

## COUNT II – EQUAL PAY ACT

Plaintiff incorporates the paragraphs above and further pleads as follows:

43. Discrimination in rates of pay based upon Plaintiff's sex is prohibited under the Equal Pay Act (within the Fair Labor Standards Act) and Oklahoma's Protection of Labor Act.

44. Under both the EPA and the OPLA, Plaintiff is entitled to recover the wage and benefit differential due to such actions.

45. Under both the EPA and FLSA, separately, Plaintiff is entitled to the recovery of liquidated damages.

## COUNT III – *BURK* TORT

Plaintiff incorporates the paragraphs above and further pleads as follows:

46. Constructive discharge of an employee because of her protected complaints regarding violations of Defendant's nepotism policy is prohibited by Oklahoma's public policy.

UNIVERSITY'S EXHIBIT 1

47. Under this claim, Plaintiff is entitled to lost wages and benefits arising from her constructive discharge, and all other damages proximately caused by Defendant's actions.

48. Under this claim, Plaintiff is additionally entitled to emotional distress-type damages arising from such actions.

## COUNT IV – FMLA RETALIATION

Plaintiff incorporates the paragraphs above and further pleads as follows:

49. Retaliating against Plaintiff, such as terminating Plaintiff or refusing to properly compensate Plaintiff for her work, due to her use of protected medical leave, is prohibited by the FMLA.

50. Under the FMLA, Plaintiff is entitled to wages lost due to the termination of her employment.

51. Because the actions of Defendant were willful, Plaintiff is entitled to liquidated damages on this claim.

## COUNT V – UNPAID WAGES

Plaintiff incorporates the paragraphs above and further pleads as follows:

52. The failure to properly reimburse Plaintiff according to Defendant's policies and procedures violates Oklahoma's Protection of Labor Act.

UNIVERSITY'S EXHIBIT 1

53. Under the OPLA, Plaintiff is entitled to compensation in the amount owed to her at the time of termination.

54. Under the OPLA, Plaintiff is also entitled to liquidated damages up to double the amount she is entitled to in actual damages.

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and postjudgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

RESPECTFULLY SUBMITTED THIS ___ DAY OF OCTOBER 2019.

Leah M. Roper, OBA # 32107
D. Colby Addison, OBA #32718
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile: 405.703.4067
E-mail:   colby@lhllaw.com
          leah@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

UNIVERSITY'S EXHIBIT 1